CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKD
FEB 24 2011
JULIA C. DUDLEY, CLERK
BY: H McDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDREW WOLTERS, )<br>Plaintiff, ) | Civil Action No. 7:11-cv-00079 |
| )<br>v. )<br>) | **MEMORANDUM OPINION** |
| LT. STIGER, et al., )<br>Defendants. ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff sent a letter to the Clerk of Court that was docketed as a motion requesting a court order. Plaintiff demands that various employees of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Lee County, Virginia ("USP Lee"), transfer him to another facility. Plaintiff further requests that the court institute criminal charges against the BOP employees and an inmate for an alleged sexual assault.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before preliminary equitable relief may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff fails to establish that he is likely to suffer irreparable harm without the preliminary injunction. Primarily, petitioner fails to establish the defendants' intent or ability to cause him harm. Petitioner merely speculates about an unknown possibility of future harm. See

Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) ("a future or conjectural threat of injury is insufficient to justify injunctive relief"); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). Plaintiff also fails to establish how an order based on speculative and unsubstantiated fears furthers the public's interest. Although plaintiff requests a transfer, prisoners do not have any right to be housed in a particular facility. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976). Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Without a complaint, plaintiff is not able to establish a likelihood of success. Moreover, a district court lacks jurisdiction to institute criminal proceedings. Accordingly, plaintiff fails to establish the elements for a preliminary injunction, and I deny his request. Inasmuch as plaintiff did not file a complaint, this matter is stricken from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER:** This 24th day of February, 2011.

Senior United States District Judge